Caree Harper SBN 219048
LAW OFFICES OF CAREE HARPER
The Marina Towers
4640 Admiralty Way, Suite 500
Marina del Rey, CA 90292
(213) 386-5078 Tel.
Email: *ch1@attorneyharper.com*

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT
# IN THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **CATRINA TERRY,** as Guardian *ad Litem* for minor: **"J.H."**, Plaintiff. <br><br> Plaintiffs, <br><br> vs. <br><br> **CITY OF PASADENA, FORMER PASADENA POLICE CHIEF PHILLIP SANCHEZ, PASADENA P.D. OFFICERS: AARON VILLACANA, THOMAS BUTLER, ROBERT GRIFFITH, MICHAEL OROSCO, PHILLIP POIRIER, RAFAEL SANTIAGO, L.A. SHERIFF'S SGT. GREY** individually and in their official capacity and DOES 1-10 inclusive, <br> Defendants. | Case No.:  **18 CV-07730** <br><br> **1st  42 U.S.C. § 1983 Unreasonable Search and Seizure— Excessive Force** <br><br> **2nd  42 U.S.C. § 1983 Unreasonable Search and Seizure— Denial of Medical Care** <br><br> **3rd  42 U.S.C. § 1983 Substantive Due Process** <br><br> **4th  42 U.S.C. § 1983 *Monell* Allegations** <br><br> **5th  Cal. Govt. Code § 820 & California Common Law Battery** <br><br> **6th  Cal. Govt. Code § 820 and CA Common Law Negligence** <br><br> **7th  Violation of Cal. Civil Code § 52.1** <br><br> **8th  "TORTS-IN-ESSENCE"** |

COMPLAINT FOR DAMAGES

Plaintiffs allege:

## INTRODUCTION

1. This civil rights action seeks compensatory and punitive damages from Defendants for violating various civil rights under the United States Constitution and state law in connection with the fatal use force on the decedent, REGINALD THOMAS.

## PARTIES

2.      Plaintiff, Minor **"J.H."**, is a child of the DECEDENT, Reginald Thomas.   He resides in the County of Los Angeles, California, and is a natural child of the DECEDENT. Plaintiff is suing by and through his maternal aunt and Guardian *Ad Litem*, CATRINA TERRY.  He seeks damages under federal and state law.

3.      Defendant, FORMER PASADENA POLICE CHIEF PHILLIP SANCHEZ, at all relevant times, was a sworn police officer at the Pasadena Police Department.

4.      Defendant, AARON VILLACANA, at all relevant times, was a sworn police officer at the Pasadena Police Department.

5.      Defendant, THOMAS BUTLER, at all relevant times, was a sworn police officer at the Pasadena Police Department.

6.      Defendant, ROBERT GRIFFITH, at all relevant times, was a sworn police officer at the Pasadena Police Department.

7.      Defendant, MICHAEL OROSCO, at all relevant times, was a sworn police officer at the Pasadena Police Department.

8.      Defendant, RAFAEL SANTIAGO, at all relevant times, was a sworn police officer at the Pasadena Police Department.

9.      At all relevant times, Defendant CITY OF PASADENA ("CITY") is and was a duly organized public entity, form unknown, existing under the laws of the State of California. At all relevant times, CITY was the employer of

Defendants and DOES who were police officers, and DOES 1-10 who were police officer and supervisorial officers, and who were managerial, supervisorial, and policymaking employees of the CITY police department.

10. At all relevant times, Defendants and DOES 1-10 were duly appointed officers and/or employees or agents of the CITY, subject to oversight and supervision by CITY's elected and non- elected officials.

11. In doing the acts and failing and omitting to act as hereinafter described, Defendants were acting on the implied and actual permission and consent of CITY.

12. At all times mentioned herein, each and every CITY defendant was the agent of each and every other CITY defendant and had the legal duty to oversee and supervise the hiring, conduct and employment of each and every CITY defendant.

13. The true names of defendants DOES 1 through 10, inclusive, are unknown to Plaintiffs, who therefore sue these defendants by such fictitious names. Plaintiffs will seek leave to amend this complaint to show the true names and capacities of these defendants when they have been ascertained. Each of the fictitious named defendants is responsible in some manner for the conduct and liabilities alleged herein.

14. On October 7, 2016, prior Plaintiffs LINDSAY, ELDRIDGE and KEATON filed comprehensive and timely claims for damages with the CITY pursuant to applicable sections of the California Government Code and supplemented thereafter.  Therefore the City of Pasadena has been on notice about claims of Mr. Thomas' children in related Case #16-8602 SJO (RAO).

///

///

///

COMPLAINT FOR DAMAGES

## JURISDICTION AND VENUE

15.  This civil action is brought for the redress of alleged deprivations of constitutional rights as protected by 42 U.S.C. §§ 1983, 1985, 1986, 1988, and the Fourth and Fourteenth Amendments of the United States Constitution. Jurisdiction is founded on 28 U.S.C. §§ 1331, 1343, and 1367.

16.  Venue is proper in this Court under 28 U.S.C. § 1391(b), because Defendants reside in, and all incidents, events, and occurrences giving rise to this action occurred in, the County of Los Angeles, California.

## STATEMENT OF FACTS

17.  On or about September 30, 2016, THOMAS was visiting girlfriend SHAINIE LINSEY and several of his children at her apartment on East Orange Grove in Pasadena. At some point during the visit, in the early morning hours Mr. THOMAS believed that his family was in danger so he called the police believing that they could and would help - he was wrong.

18.  Upon the arrival of the initial officers, Mr. THOMAS was holding a red fire extinguisher in his hands and he had a knife under an armpit. Officers ordered THOMAS to drop the items, however they provided him no time to understand and comply with their orders.

19.  When Officer BUTLER deployed the first Taser into Mr. THOMAS the knife dropped from under his armpit.  A second Taser deployment into Mr. THOMAS caused him to drop the extinguisher. Officers BUTLER and SANTIAGO then simultaneously Tased THOMAS and he went down to the ground screaming in pain.  Officers continued Tasing THOMAS although he went down.  Officer AARON VILLICANA then rushed to Mr. Thomas and began punching and kicking him. Defendant VILLICANA kicked THOMAS in the head repeatedly, without cause and without intervention of the other five Defendant OFFICERS who watch VILLICANA beat and choke THOMAS to death.  Another officer used a stun gun on Mr. THOMAS while he was already down on the

ground screaming for help and calling for his mother. As additional officers arrived they "piled on" to Mr. THOMAS' body. An unknown officer put a knee onto Mr. THOMAS' neck and applied the full weight of his body onto the throat area of Mr. THOMAS until he was speechless and finally lifeless, intentionally squeezing the life out of Mr. THOMAS. This murderous act was witnessed by Mr. Thomas' loved ones.

20. Defendant officers delayed administering first aid and CPR to the handcuffed DECEDENT.  Although a prior emergency medical first responder, DEFENDANT AARON VILLICANA intentionally failed to administer first aid to THOMAS.

21. At the time the officers engaged with the DECEDENT there was no threat of violence to the occupants of the LINDSEY residence nor the Defendant officers. No exigent circumstances existed, and time was on the side of the first responders to negotiate and take a peaceful approach to resolve the incident. Instead of choosing to assist THOMAS in dealing with this mental health crisis they chose to kill him.

22. As far too customary, L.A. Sheriff Department Sgt. Grey placed a "security hold" on the autopsy results of Mr. THOMAS in a direct effort to cover the murderous actions of the Defendant OFFICERS after conspiring to do so with former Chief SANCHEZ and other supervisory staff at Pasadena P.D. The unwarranted, illegal withholding of a public document is a specific conspiratorial effort to undermine transparency and delay and quell public outrage over the killing of Reginald THOMAS.

**FIRST CLAIM FOR RELIEF**

**Unreasonable Search and Seizure—Excessive Force**

**(42 U.S.C. § 1983)** (Against All PPD Officer Defendants)

23. Plaintiffs repeat and re-allege each and every allegation in paragraphs

COMPLAINT FOR DAMAGES

1 through 22 of this Complaint with the same force and effect as if fully set forth herein.

24.     The unjustified killing deprived Mr. THOMAS of his right to be secure in his person against unreasonable searches and seizures as guaranteed to him under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

25.     The unreasonable use of force by all Defendant OFFICERS excluding Chief SANCHEZ (hereinafter "Officer Defendants" or "OFFICERS") deprived the DECEDENT of his right to be secure in his person against unreasonable searches and seizures as guaranteed to DECEDENT under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

26.     As a result, DECEDENT suffered extreme pain and suffering and eventually suffered a loss of life and of earning capacity.  Plaintiff "J.H." has also been deprived of the life-long love, companionship, comfort, support, society, care, and sustenance of DECEDENT, and will continue to be so deprived for the remainder of their natural lives.  Plaintiff is also claiming funeral and burial expenses and a loss of financial support.

27.     As a result of the conduct of the Officer Defendants, they are liable for DECEDENT's injuries, either because they were integral participants in the use of excessive force, or because they failed to intervene to prevent these violations.

28.     This use of deadly force was excessive and unreasonable under the circumstances, especially since DECEDENT never physically injured or attempted to physically injure the Officer Defendants, or anyone else prior to being killed. Further, DECEDENT never verbally threatened anyone and never brandished a weapon at the Officer Defendants, or anyone else, prior to being killed. Defendants' actions thus deprived DECEDENT of his right to be free from unreasonable searches and seizures under the Fourth Amendment and applied to

COMPLAINT FOR DAMAGES

state actors by the Fourteenth Amendment.

29.    The conduct of the Officer Defendants was willful, wanton, malicious, and done with reckless disregard for the rights and safety of DECEDENT and therefore warrants the imposition of exemplary and punitive damages as to the Officer Defendants.

30.    Plaintiff seeks both survival and wrongful death damages for the violation of DECEDENT's federal and state constitutional rights and applicable laws.

31. Plaintiff also seeks attorney fees under this claim.

## SECOND CLAIM FOR RELIEF

### Unreasonable Search and Seizure—Denial of Medical Care

**(42 U.S.C. § 1983)** (Against the Officer Defendants)

32.    Plaintiff repeats and re-allege each and every allegation in paragraphs 1 through 31 of this Complaint with the same force and effect as if fully set forth herein.

33.    On information and belief, after beating, kicking and suffocating Mr. THOMAS, the Officer Defendants did not immediately summons medical attention for Mr. THOMAS.

34.    Due to the denial of or inadequately administered medical care by the Officer Defendants, DECEDENT was deprived of his right to be secure in his person against unreasonable searches and seizures as guaranteed to DECEDENT under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

35.    As a result, DECEDENT suffered extreme pain and suffering and eventually suffered a loss of life and earning capacity. Plaintiff has also been deprived of the life-long love, companionship, comfort, support, society, care, and

sustenance of DECEDENT, and will continue to be so deprived for the remainder of their natural lives. Plaintiff is also claiming funeral and burial expenses and a loss of financial support.

36. The Officer and DOE Defendants knew that failure to provide timely medical treatment to DECEDENT could result in further significant injury or the unnecessary and wanton infliction of pain, but disregarded that serious medical need, causing DECEDENT great bodily harm and death.

37. The conduct of the Officer Defendants was willful, wanton, malicious, and done with reckless disregard for the rights and safety of DECEDENT and therefore warrants the imposition of exemplary and punitive damages as to the Officer Defendants.

40. Plaintiff brings this claim as successors-in-interest to DECEDENT, and seek both survival and wrongful death damages for the violation of DECEDENT's rights.

41. Plaintiff also seeks attorney's fees under this claim.

### THIRD CLAIM FOR RELIEF

**Substantive Due Process (42 U.S.C. § 1983) (Against Defendant the Officer Defendants)**

42. Plaintiff repeats and re-alleges each and every allegation in Paragraphs 1 through 38 of this Complaint with the same force and effect as if fully set forth herein.

43. Plaintiff has a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive them of life, liberty, or property in such a manner as to shock the conscience, including but not limited to, unwarranted state interference in Plaintiffs' familial relationship with their father, Mr. THOMAS.

44. THOMAS had a cognizable interest under the Due Process Clause of

the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive him of life, liberty, or property in such a manner as to shock the conscience, including but not limited to, unwarranted state interference in Plaintiff's familial relationship with his father, DECEDENT.

43. DECEDENT had a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive him of his right to life, liberty, or property in such a manner as to shock the conscience.

44. As a result of the excessive force by the Officer Defendants, DECEDENT died. Plaintiff was thereby deprived of their constitutional right of familial relationship with DECEDENT.

45. The Officer Defendants, acting under color of state law, thus violated the Fourteenth Amendment rights PLAINTIFF to be free from unwarranted interference with his familial relationship with DECEDENT.

46. The aforementioned actions of the Defendants, along with other undiscovered conduct, shock the conscience, in that they acted with deliberate indifference to the constitutional rights of DECEDENT and Plaintiff, and with purpose to harm unrelated to any legitimate law enforcement objective.

47. The Officer Defendants, acting under color of state law, thus violated the Fourteenth Amendment rights of DECEDENT and Plaintiff.

48. As a direct and proximate cause of the acts of the Officer Defendants, DECEDENT experienced severe pain and suffering and lost his life and earning capacity. Plaintiff suffered extreme and severe mental anguish and pain and has been injured in mind and body. Plaintiff has also been deprived of the life-long love, companionship, comfort, support, society, care and sustenance of DECEDENT, and will continue to be so deprived for the remainder of their natural lives. Plaintiff is also claiming funeral and burial expenses and a loss of financial support.

COMPLAINT FOR DAMAGES

49.    As a result of the conduct of the Officer Defendants, they are liable for DECEDENT'S injuries, either because they were integral participants in the denial of due process, or because they failed to intervene to prevent these violations.

50.    The conduct of the Officer Defendants was willful, wanton, malicious, and done with reckless disregard for the rights and safety of DECEDENT and Plaintiff and therefore warrants the imposition of exemplary and punitive damages as to the Officer Defendants.

51.    Plaintiff brings this claim individually and as successors-in-interest to DECEDENT, and seek both survival and wrongful death damages for the violation of both Plaintiffs' and DECEDENT's rights.

52.    Plaintiff also seeks attorney fees under this claim.

**FOURTH CLAIM FOR RELIEF**

**Municipal Liability for Unconstitutional Custom or Policy (42 U.S.C. § 1983)**

(Against SANCHEZ, DOES 1-10 and CITY)

53.    Plaintiffs repeat and re-allege each and every allegation in paragraphs 1 through 54 of this Complaint with the same force and effect as if fully set forth herein.

54.    The Defendant OFFICERS' vicious killing of Reginald THOMAS, who never physically injured or attempted to injure the Officer Defendants or anyone prior to being beaten and killed was immediately defended by Defendant SANCHEZ. Defendant Chief SANCHEZ, seemingly devoid of the concept of equal protection under the law, advocated and ratified policies that inherently jeopardizes the safety the citizens in Pasadena, specifically young men in the Black community. SANCHEZ has condoned and ratified policies that allow officers involved in critical incidents to view patrol camera footage before making a statement; he repeatedly refuses discipline officers accused of wrongdoing against

community members of color and he has emboldened the officers by creating and maintaining an environment where they know that no matter what they do they will not be punished in anyway for inflicting serious bodily injury or killing people of color.

55.     As customary with the Pasadena Police Department, Defendant CITY, Chief and Chiefs before him have never been disciplined for the use of excessive force on people of color.

56.     For some time prior to September 30, 2016 (and continuing to the present date) the individual OFFICER Defendants, deprived Plaintiffs and DECEDENT of the rights and liberties secured to them by the Fourth and Fourteenth Amendments to the United States Constitution, in that, said defendants and their supervising and managerial employees, agents, and representatives, acting with gross negligence and with reckless and deliberate indifference to the rights and liberties of the public in general, and of Plaintiffs and DECEDENT, and of persons in their class, situation and comparable position in particular, knowingly maintained, enforced and applied an official recognized custom, policy, and practice of:

(a) Employing and retaining as police officers and other personnel, including the Officer Defendants, DOES 1- 5, at all times material herein knew or reasonably should have known had dangerous propensities for abusing their authority and for mistreating citizens by failing to follow written CITY police department's policies, including the use of excessive force;

(b) Of inadequately supervising, training, controlling, assigning, and disciplining CITY officers, and other personnel, including the Officer Defendants, who Defendant CITY knew or in the exercise of reasonable care should have known had the aforementioned propensities and character traits, including the propensity for violence and the use of excessive force;

(c) By maintaining grossly inadequate procedures for reporting, supervising,

investigating, reviewing, disciplining and controlling the intentional misconduct by Defendant the Officer Defendants, who are police officers of CITY;

(d) By failing to discipline CITY officers' conduct, including but not limited to, excessive force;

(e) By ratifying the intentional misconduct of Defendant the Officer Defendants, who are officers of CITY;

(f) By having and maintaining an unconstitutional policy, custom, and practice of

using excessive force, including deadly force, which also is demonstrated by inadequate training regarding these subjects. The policies, customs, and practices of DOES 1- 5, were done with a deliberate indifference to individuals' safety and rights; and

(g) By failing to properly investigate claims of unlawful detention and excessive force by CITY police officers.

57.    The Pasadena Police Department has a pattern and practice of using excessive or deadly force on young men of color. In 2006, Pasadena Police officers face planted DAMIEN ESTEEM'S, face into cement after he merely asked why police was on his property. Officers released Mr. Esteem, a Black man, without arrest of citation, but later charged him criminally when he made a personnel complaint for excessive force. The criminal charges were dismissed and Mr. Esteem accepted $65,000.00 to dismiss his excessive force lawsuit for the scratches to his face.

58.    In 2004, rogue Pasadena Police officers beat, and choked unarmed Black man, LAMONT ROBINSON to death. Officers involved were and are still the subject of repeated complaints of misconduct and excessive force. Pasadena Police elected to pay out hundreds of thousands of dollars to resolve the civil litigation, but again failed to discipline or fire the officers responsible.

///

## FIFTH CLAIM FOR RELIEF

### Battery (Cal. Govt. Code § 820 and California Common Law)

(Wrongful Death) (Against the Officer Defendants and CITY)

59.    Plaintiffs repeat and re-allege each and every allegation in paragraphs 1 through 60 of this Complaint with the same force and effect as if fully set forth herein.

60.    The Officer Defendants, while working as peace officers for the CITY police department, and acting within the course and scope of their duties, intentionally kicked, beat and choked DECEDENT. As a result of the actions of the Officer Defendants, DECEDENT suffered severe pain and suffering and ultimately died from his injuries and lost earning capacity. The Officer Defendants had no legal justification for using force against DECEDENT and said defendants' use of force while carrying out their officer duties was an unreasonable use of force, especially since DECEDENT was unarmed with his hands visibly empty at the time of physical contact. Further when Defendant OFFICERS put hands on DECEDENT, he was already on the ground. This was not an immediate defense of life situation.

61.    As a direct and proximate result of defendants' conduct as alleged above, Plaintiffs suffered extreme and severe mental anguish and pain and have been injured in mind and body. Plaintiff also has been deprived of the life-long love, companionship, comfort, support, society, care and sustenance of DECEDENT, and will continue to be so deprived for the remainder of their natural lives.

62.    The CITY is vicariously liable for the wrongful acts of the Officer Defendants pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

63. The conduct of the Officer Defendants was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of Plaintiffs and DECEDENT, entitling Plaintiff, individually and as successors-in-interest to DECEDENT, to an award of exemplary and punitive damages.

64. Plaintiffs bring this claim as successors-in-interest to DECEDENT, and seek wrongful death damages.

65. Plaintiffs are seeking wrongful death damages under this claim.

## SIXTH CLAIM FOR RELIEF

**Negligence (Cal. Govt. Code § 820 and California Common Law)**

(Wrongful Death & Mishandling Evidence) (Against All Defendant Officers)

66. Plaintiff repeats and re-alleges each and every allegation in paragraphs 1 through 65 of this Complaint with the same force and effect as if fully set forth herein.

67. The actions and inactions of the Defendants, were negligent and reckless, including but not limited to: (a) the failure to properly and adequately assess the need to detain, arrest, and use force or deadly force against DECEDENT; (b) the negligent tactics and handling of the situation with DECEDENT, including the use of the electrical control device negligence; (c) the negligent detention, arrest, and use of force, including deadly force, against DECEDENT; (d) the failure to provide prompt medical care to DECEDENT; (e) the negligent handling of evidence and witnesses.

68. Specifically, former Chief Sanchez, Defendant Officer Aaron Villicana, and Sgt. Roldan had a duty to instruct and institute policies and procedures prohibiting the technique of "piling on" the weight of multiple officers onto the ribcage, chest, stomach, arms and legs of restrained persons in a prone position. Responsible supervisors, and the Chief failed to discipline officers found

14
COMPLAINT FOR DAMAGES

to be in violation of using excessive force and therefore embolding them to use excessive force again in the future.

69.   As a direct and proximate result of defendants' conduct as alleged above, and other undiscovered negligent conduct, DECEDENT was caused to suffer severe pain and suffering and ultimately died and lost earning capacity. Also as a direct and proximate result of defendants' conduct as alleged above, Plaintiff suffered extreme and severe mental anguish and pain and have been injured in mind and body. Plaintiff also has been deprived of the life-long love, companionship, comfort, support, society, care and sustenance of DECEDENT, and will continue to be so deprived for the remainder of their natural lives.

70.   CITY is vicariously liable for the wrongful acts of the Officer Defendants pursuant to section 815.2 of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

71.   Plaintiff brings this claim as a successors-in-interest to DECEDENT, and seeks wrongful death damages.

72.   Plaintiffs are seeking wrongful death damages under this claim.

### SEVENTH CLAIM FOR RELIEF
(Violation of Cal. Civil Code § 52.1)

73.   Plaintiff repeats and re-alleges each and every allegation in Paragraphs 1 through 72 of this Complaint with the same force and effect as if fully set forth herein.

74.   California Civil Code, Section 52.1 (the *Bane* Act), prohibits any person from using violent acts or threatening to commit violent acts in retaliation against another person for exercising that person's constitutional rights.

76.   On information and belief, Defendant Officers and DOE OFFICERS,

inclusive, while working for the CITY and acting within the course and scope of their duties, intentionally committed and attempted to commit acts of violence against DECEDENT, including by shooting him multiple times with a Taser; kicking and beating him without justification or excuse, by integrally participating and failing to intervene in the above violence, and by denying him necessary medical care.

77.    Additionally, Reginald Thomas had a constitutional right to scream out attempts to physically suppress his First Amendment right to protest the excessive use of force on him. Officers did, in fact, physically placed a knee on his throat and silenced his speech, and placed body weight onto his rib cage and restricted his breathing.

78.    Also, when Defendants tasered, beat, and put a knee on Thomas' neck, they interfered with Thomas' civil rights to be free from unreasonable searches and seizures, to due process, to equal protection of the laws, to medical care, to be free from state actions that shock the conscience, and to life, liberty, and property.

79.    On information and belief, Defendants intentionally and spitefully committed the above acts to discourage DECEDENT from exercising his civil rights, to retaliate against him for invoking such rights, or to prevent him from exercising such rights, which he was fully entitled to enjoy.

80.    On information and belief, DECEDENT reasonably believed and understood that the violent acts committed by Defendants, inclusive were intended to discourage him from exercising the above civil rights, to retaliate against him for invoking such rights, or to prevent him from exercising such rights.

81.    Defendants thus successfully interfered with the above civil rights of DECEDENT and Plaintiffs.

82.    The conduct of Defendants was a substantial factor in causing Plaintiffs' harms, losses, injuries, and damages.

83.     CITY is vicariously liable for the wrongful acts of Defendants and DOE OFFICERS, inclusive, pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

84.     The conduct of Defendants was malicious, wanton, oppressive, and accomplished with a conscious disregard for DECEDENT's and Plaintiffs' rights, justifying an award of exemplary and punitive damages as to the individual responding Defendants and DOE OFFICERS.

85.     Plaintiff brings this claim as DECEDENT's successors-in-interest as defined in Section 377.11 of the California Code of Civil Procedure and seek survival damages for the violation of DECEDENT's rights. Plaintiffs also seek attorney's fees.

**EIGHTH CAUSE OF ACTION "TORTS-IN-ESSENCE"**

**(Against Individual Defendant OFFICERS excluding SANCHEZ & GOMEZ)**

86.     Plaintiffs restate and incorporate by reference, as though fully set forth herein, the allegations contained in all paragraphs above. Pursuant to CA Gov. Code Section 815.6, which creates a private right of action for the alleged breaches of the various penal code sections listed in this Complaint, the officers Defendants and each of them, owed to Plaintiffs non-consensual duties, and Plaintiffs hereby set forth that the individual Officer Defendants violated the following California Penal Code Sections: 187 (**Murder**), 149 (felonious excessive force by a peace officer), 240 (assault), and 242 (battery).

///

///

///

COMPLAINT FOR DAMAGES

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray, and request entry of judgment in their favor and against Defendants, as follows:

87.    For compensatory damages, including both survival damages and wrongful death damages under federal and state law, in the amount to be proven at trial;

88.    For funeral and burial expenses, and loss of financial support;

89.    For punitive damages against the individual defendants in an amount to be proven at trial;

90.    For interest;

91.    For reasonable costs of this suit and attorneys' fees; and

92.    For such further other relief as the Court may deem just, proper, and appropriate.

DATED: 8/31/18                    LAW OFFICES OF CAREE HARPER

                                 BY:    /S/ Caree Harper
                                        _____
                                        Caree Harper


## JURY TRIAL DEMAND.

Plaintiff hereby requests a trial by jury.


DATED: 8/31/18                    LAW OFFICES OF CAREE HARPER

                                 BY:    /S/ Caree Harper
                                        _____
                                        Caree Harper
                                        Attorney for Plaintiff

18
COMPLAINT FOR DAMAGES